IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMY DENISE GONZALES,

    Plaintiff,

vs.                                                                                       Civ. No. 18-502 KK

ANDREW SAUL,
Commissioner of Social Security
Administration,

    Defendant.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum ("Motion"), filed September 15, 2020. (Doc. 30.) The Commissioner filed his Response[1] to the Motion on October 20, 2020 (Doc. 31) indicating therein that he "does not object to the requested award" and "defers to the Court's sound discretion" as to its reasonableness. (Id. at 2.) Having considered Plaintiff's Motion, the Commissioner's Response, and the relevant law, the Court finds Plaintiff's Motion is well taken and should be **GRANTED**.

## BACKGROUND

On May 30, 2018, Plaintiff Amy Denise Gonzales ("Ms. Gonzales") instituted an action in this Court seeking judicial review of her denied claims for disability benefits. (Doc. 1.) On a prior date, she had entered into a contingency-fee agreement with Michael D. Armstrong for representation in the federal court review proceedings. (Doc. 30-1 at 21.) On August 20, 2020, the Commissioner filed the 909-page administrative record. (Doc. 10.) On December 14, 2020, after

---

[1] The Commissioner also sought leave to file his Response out of time. The Court grants his request.

seeking and obtaining two briefing deadline extensions totaling approximately eight weeks, Mr. Armstrong filed a 23-page motion to remand containing comprehensive legal and medical record analysis of issues Ms. Gonzales raised in support of her requested remand for further agency consideration. (Docs. 17, 18, 20, 21, 22.) On February 9, 2019, the Commissioner filed an Unopposed Motion to Remand to Agency ("Unopposed Motion"). (Doc. 24.) The Court granted the Unopposed Motion and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 25.) Ms. Gonzales subsequently filed an Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, which the Court granted, and Ms. Gonzales was awarded $5,534.80 in attorney fees for 27.4 hours of work Mr. Armstrong performed on her behalf in this federal court action. (Docs. 27, 28.)

On remand, the ALJ issued a fully favorable decision dated January 8, 2020, finding that Ms. Gonzales has been disabled since her alleged onset date of October 16, 2012. (Doc. 30-1 at 1-9.) A Notice of Award was sent to Ms. Gonzales on July 22, 2020, stating that the Social Security Administration ("SSA") had withheld $16,671.25 to cover any attorney fees. (Doc. 30-1 at 12-17.) Ms. Gonzales' substituted counsel of record, Laura Joellen Johnson of Michael Armstrong Law Office, LLC, entered her appearance in this matter on August 31, 2020, (Doc. 29), and filed the instant Motion on September 15, 2020, seeking an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $10,671.25 for 27.4 hours of work performed before this Court. (Doc. 30; Doc. 30-1 at 18-20.)

As of September 15, 2020, Michael Armstrong Law Office, LLC had not received payment of the EAJA award and represents to the Court that the Office of General Counsel indicated that a debt reported by the United States Department of the Treasury could account for the non-payment under the Treasury Offset Program. (Doc. 30 at 2.)

## **LEGAL STANDARD**

Attorney fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). In this case, as in many others, the EAJA award effectively increases the past-due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The statute requires that a fee award for representation before a court be "reasonable" and limits the award to no more than 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees – for example, fees pursuant to the EAJA and § 406(b) – are not collectively limited to 25 percent of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency-fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements meet the statute's reasonableness requirement. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25 percent of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. If the attorney is responsible for delay, the fee may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id*. Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht,* 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

## **REASONBLENESS DETERMINATION**

The fee agreement Ms. Gonzales entered into provides that she "agree[s] to pay my attorney twenty-five percent (25%)" of all past-due benefits for work performed in this Court. (Doc. 30-1 at 21.)  The total fees sought in the Motion amount to approximately 16 percent of the $66,685.00 in past-due benefits. (Doc. 30 at 5-6; Doc. 30-1 at 14.) The minimal delay caused by two briefing extensions does not cause the Court concern regarding unfair attorney profiteering from the delayed accumulation of benefits. And counsel's representation was efficient, reflecting his skill and expertise, and yielded a fully favorable decision. Counsel's fee request of $10,671.25 is not disproportionately large in comparison to the amount of time spent on the case and results in a reasonable hourly rate of $389.46, which is considerably less than other § 406(b) awards authorized in this District. *See, e.g.*, *Valdez v. Barnhart*, USDC Civ. No. 00-1777 MV/LCS (Docs.

26-27) (awarding $645.16 per hour); *Montes v. Barnhart*, USDC Civ. No. 01-578 BB/KBM (Doc. 22) (awarding $701.75 per hour); *Monger v. Astrue*, USDC Civ. No. 13-156 JB/CG (Doc. 37) (awarding $673.07 per hour); *Gallegos v. Colvin*, USDC Civ. No. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Osborn v. Berryhill,* USDC Civ. No. 15-cv-1069 KBM (Doc. 32) (awarding $636.90 per hour).  Thus, the Court finds that counsel's fee request is reasonable.

Counsel's fee request was also filed within a reasonable time after Ms. Gonzales received notice of entitlement to past-due benefits.  The Notice of Award is dated July 22, 2020, and counsel filed the present Motion on September 15, 2020.  (Doc. 30; Doc. 30-1 at 12.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 30) is **GRANTED.**  The Court hereby authorizes **$10,671.25** in attorney fees for legal services rendered in the United States District Court, to be paid by the Social Security Administration out of the funds it withheld from Ms. Gonzales' past-due benefits.[2]

**IT IS FURTHER ORDERED** that counsel determine whether the EAJA fees previously awarded have been garnished in whole by the United States Department of the Treasury pursuant to the Treasury Offset Program, and if not, counsel shall refund to Ms. Gonzales any portion of the EAJA fees subsequently received by him in accordance with *Gisbrecht*, 535 U.S. at 795.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**

---

[2] Ms. Gonzales requests that if the Motion is granted fees be paid to Michael Armstrong Law, LLC or Laura Joellen Johnson. (Doc. 30 at 2.) The fees will likely be issued in accordance with the fee contract, and how those fees are ultimately dispersed among counsel is between Ms. Gonzales' counsel and the parties to the fee contract.